[Cite as *Suburban Maintenance & Constr. v. Ohio Dept. of Transp.*, 2016-Ohio-7060.]

| | |
|---|---|
| SUBURBAN MAINTENANCE AND CONSTRUCTION, INC.<br><br>    Plaintiff<br><br>    v.<br><br>OHIO DEPARTMENT OF TRANSPORTATION<br><br>    Defendant | Case No. 2014-00506<br><br>Judge Patrick M. McGrath<br>Referee Brian L. Buzby<br><br><u>JUDGMENT ENTRY</u> |

{¶1} On February 16, 2016, the referee issued a decision recommending judgment in favor of plaintiff in the amount of $84,949.16 with prejudgment interest beginning March 31, 2015. Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(d)(i)."

{¶2} On March 1, 2016, defendant, Ohio Department of Transportation (ODOT), filed its objections, and on March 11, 2016, plaintiff, Suburban Maintenance and Construction, Inc. (Suburban), filed its objection. On March 15, 2016, Suburban filed a memorandum in opposition to ODOT's objections.

{¶3} When ruling on objections to a referee's decision, a "court shall undertake an independent review as to the objected matters to ascertain that the [referee] has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). Additionally, when a party objects to a magistrate's factual findings, "whether or not specifically designated as a finding of fact * * * [it] shall be supported by a transcript of all the evidence submitted to the [referee] relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii). "If an objecting party fails to submit a transcript or affidavit, the trial court must accept the

[referee's] factual findings and limit its review to the [referee's] legal conclusions." *Triplett v. Warren Corr. Inst.*, 10th Dist. Franklin No. 12AP-728, 2013-Ohio-2743, ¶ 13.

{¶4} A review of defendant's objections reveals citations to portions of the trial transcript in support of their objections, specifically with regard to defendant's objections 1, 4, 5, and 6. A review of plaintiff's objection reveals that plaintiff also cited to portions of the trial transcript in support of their objections. However, neither party submitted the trial transcript reflecting those portions of the trial testimony in support of their objections for the court to review. *See* Civ.R. 53(D)(3)(b)(iii) ("[i]t <u>shall</u> be supported by a transcript of all the evidence submitted to the [referee] relevant to that finding"). (Emphasis added.) While Civ.R. 53 does not require the parties to file the entire trial transcript it does require the parties to file the portions of the transcript relevant to their objections, not merely cite to a transcript that the court does not have the ability to review. Accordingly, the court accepts the referee's factual findings, and limits its review to the referee's legal conclusions.

{¶5} Defendant raises the following seven objections:

<u>Objection 1: ODOT, not the Contractor Company, Always Decides what is to be Patched or Repaired.</u>

{¶6} ODOT argues that "[t]he construction of this contract by this Referee would be a complete aberration in ODOT bridge repair work contracts if a contractor's engineer was charged with full discretion to determine whether any of sixteen pier columns should be touched for any repairs." (Def. Objections, Pg. 3). Defendant does not identify any part of the referee's decision that it specifically objects to, and it appears to the court to be a general objection to the referee's contract interpretation.

{¶7} Suburban argues that the contract documents dictate the scope of the work, and it never suggested that it had "full discretion" to decide what columns "should be touched." (Plt. Response, Pg. 11). Both ODOT and Suburban cite to portions of the

trial transcript, however a copy was not provided to the court and it is unable to review the cited material. Moreover, the court agrees with the referee's legal conclusions regarding the contract interpretation and the ambiguities in the contract. Without any specificity from defendant or trial transcript, defendant's first objection is OVERRULED. *See* Civ.R. 53(D)(3)(b)(ii).

Objection 2: The Contractor Waived any Ambiguity.

{¶8} ODOT argues that "the contractor should have sought clarification pre-bid and failed to observe Section 102.05 and 102.07 of the General Conditions," and the referee "ignores this requirement by mistakenly concluding that the requirement for seeking clarification pre-bid only exists if the contractor subjectively says it needs clarification, leaving it to the contractor's subjective evaluation as to whether or not a matter needs explanation pre-bid." (Def. Objections, Pg. 3).

{¶9} Suburban argues that it is not burdened with asking questions it does not know exist, and that requiring Suburban "to clarify that its reasonable interpretation of the scope of work is the same interpretation that ODOT assigned would be to convert Suburban into an insurer of ODOT's Contract Documents." (Plt. Response, Pgs 11-12); *Salem Eng'g & Const. Corp. v. United States*, 2 Cl. Ct. 803, 807 (1983).

{¶10} While ODOT does not specifically cite to a portion of the referee's decision, the court identified pages 9-10 of the referee's decision as pertinent to this objection. The referee determined that "no one knew the ambiguity existed until the differing positions were revealed based on the differing interpretation of the contract requirements." (Decision, Pg. 9). A review of Sections 102.05 and 102.07 of the General Conditions leads the court to agree with the referee and plaintiff. While plaintiff had a duty, pursuant to 102.07, to notify ODOT of errors and omissions in the bid documents, any error or omission with the bid documents did not emerge until the project was well underway. As such, defendant's second objection is OVERRULED.

Objection 3:  ODOT has no Duty/Right to Fix a Low Bid in the Competitive Bidding Process.

{¶11} ODOT argues that "the Referee mistakenly holds that ODOT had a duty to somehow correct the low bid on these specific Sellars Road line items.  ODOT has no such requirement in the law particularly in this competitively bid situation where bidders frequently move dollars around specific items within the bid to secure the bid."  (Def. Objections, Pg. 3).

{¶12} Suburban argues that the referee did not hold that ODOT had a duty to correct Suburban's bid, rather "[t]he Referee simply recognized that, of the two parties, ODOT was in a better position to be the first to realize that Suburban did not share ODOT's interpretation of the scope of work."  (Plt. Response, Pg. 12).

{¶13} The court is unclear how this objection would cause the court to change the referee's decision.  First, a review of the referee's decision shows that the referee did not hold that ODOT had a duty/right to fix low bids in the competitive bidding process.  Rather, after determining that the "contested provision of the contract about the need to remove eight cubic yards of concrete is unclear, ambiguous, and subject to various interpretations when read together with the balance of the contract," the referee determined that, as the drafter of the contract, it must be construed against ODOT.  (Decision, Pg. 9).  The referee then continues to discuss ODOT's other arguments defending its position, specifically waiver, and discusses various reasons why waiver is not applicable in this case.  This includes the referee's discussion of the bid process, including the discrepancies in bids that only ODOT could have known about.  (Decision, Pgs. 10-11).  The court cannot find any merit in this objection, and it is OVERRULED.

<u>Objection 4:  The Referee Improperly Allow Suburban's Witness, Engineer Jeffery R. Spangler, to Give Expert Witness Testimony at Trial Despite not being Identified as an Expert Witness in Pretrial Filings and Despite having Provided no Expert Report in the Pretrial Process.</u>

{¶14} ODOT argues that the Referee "permitted Spangler to testify as an expert witness over objection in blatant disregard for the rules of this Court, then relied on that 'expert' as the only 'expert' he cites in his opinion."  (Def. Objections, Pg. 4).  Furthermore, ODOT argues that the referee ignored the testimony of plaintiff's only identified expert, Byron Willoughby.

{¶15} Suburban informs the court that Jeffrey R. Spangler was the engineer that it hired to perform a structural assessment, per the requirement of the Contract Documents.  Suburban argues that Spangler testified based on the personal knowledge he obtained from his contractually-required assessment, that the concrete was, for the most part, sound.  (Plt. Response, Pg. 12).  Further, Suburban argues that this supports its assertion that the work ODOT required was unnecessary, but the referee did not rely upon it to determine that the contract documents were ambiguous.

{¶16} First, neither party submitted a transcript of the evidence, so the court cannot determine if Spangler was permitted to testify as an expert witness or if defendant objected to having Spangler testify as an expert.  Additionally, the court is unable to ascertain the reason offered for overruling any objection to Spangler's testimony.  Further, "[i]t is well established that the decision to admit or exclude evidence is within the sound discretion of the trial court and that an appellate court will not disturb that decision absent an abuse of discretion."  *America's Floor Source, L.L.C. v. Joshua Homes*, 191 Ohio App.3d 493, 2010-Ohio-6296, ¶ 27 (10th Dist.).  Upon review, the court finds no such abuse of discretion, defendant's fourth objection without merit, and it is OVERRULED.

Objection 5:  Line Item Pricing in the Project Fully Support the Clarity of the Contract Requirements.

{¶17} ODOT argues that the referee ignored the "line item pricing in this contract particularly the specific line item pricing for removing and replacing concrete in this Sellers Road bridge."  (Def. Objections, Pg. 5).  A review of the Referee's decision, specifically pages 6-8, show that the referee extensively discussed this issue, and the court finds no error with the referee's application of the law with regard to this objection.  As such, defendant's fifth objection is OVERRULED.

Objection 6:  The Preconstruction Meeting Minutes Fully Support that Neither ODOT nor Suburban were Confused about the Requirements of Removing these Column Tops on Sellars Road.

{¶18} ODOT argues that "the parties discussed the need for the contractor's engineer to provide temporary support plans, and there was no discussion whatsoever about what would have been a much more critical issue concerning whether or not any of those tops were to be touched."  (Def. Objections, Pg. 6) (emphasis in original).  Suburban argues that the preconstruction meeting minutes demonstrate that Suburban did not know that ODOT had a different interpretation of the scope of work, and there was no discussion of the structural assessment at the meeting because there were not any known questions at that time.  (Plt. Response, Pg. 14).  Further, plaintiff argues that "[t]he preconstruction meeting minutes have no bearing on whether an ambiguity exists in the Contract Documents, and the lack of questions at the preconstruction meeting only demonstrates that neither party was aware of the other's interpretation."  *Id.*  The court agrees with plaintiff, and adopts the magistrate's findings.  Neither party knew that there was an ambiguity until the differing positions were revealed based on the differing interpretation of the contract requirements.  (Decision, Pg. 9).  As such, defendant's sixth objection is OVERRULED.

Objection 7:  The Referee Erred in Admitting Plaintiff's Ex. 24, a Summary Without Backup from which the Referee Allowed the $84,949.16 in Damages.

{¶19} ODOT argues that the referee erred in admitting plaintiff's exhibit 24, no backup to that number was provided, and the referee accepted that number and exhibit over ODOT's objection.  (Def. Objections, Pg. 6).  Suburban argues that the exhibit was correctly offered and admitted pursuant to Evid.R. 1006, and ODOT did not challenge any of Suburban's claimed dollar amounts.

{¶20} As there is no trial transcript, the court is unable to evaluate any objection ODOT made to the exhibit at trial.  Additionally, "the extent of damages suffered by a plaintiff is a factual issue, it is within the jury's [or fact finder's] province to determine the amount of damages to be awarded." *Arbino v. Johnson & Johnson,* 116 Ohio St. 3d 468 (Ohio 2007).  Further, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."  *C.E. Morris Co. v. Foley Construction Co.,* 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).   Questions of fact are best left to the trier of fact. *Complete Gen. Constr. Co. v. Ohio Dept. of Trans.*, 94 Ohio St.3d 54, 2002-Ohio-59, 760 N.E.2d 364.  As damages are a question of fact for the factfinder, and there is no transcript to evaluate the factual claims relating to ODOT's objection, defendant's seventh, and final objection is OVERRULED.

{¶21} Plaintiff raised the following objection: "the Referee erred in denying Suburban any of the costs it incurred in demobilizing and remobilizing, which are compensable costs proximately caused by ODOT's breach of the contract."  (Plt. Objections, Pg. 1).  Plaintiff makes the following arguments in supports of their objection.  First, "the Referee erroneously concluded that 'there was no evidence as to how and why mobilizing for the entire project was somehow comparable to mobilizing to return to just one bridge to finish this one item of work.'"  *Id.* at 2.  Second, "the Referee's decision ignores ODOT's contribution to the delay * * *."  *Id.*

{¶22} As discussed in ODOT's seventh objection, damages are a question of fact for the factfinder, here the referee.  The referee determined that the evidence Suburban offered at trial to support damages in the about of $59,000 for remobilization was wholly inadequate.  (Decision, Pg. 12).  The referee based this determination on evidence presented at trial.  As there is no transcript filed in this case, the court accepts the referee's factual determination of damages with respect to remobilization, and Suburban's objection is OVERRULED.

{¶23} Furthermore, the referee recommended that prejudgment interest be awarded beginning on March 31, 2015.  The court adopts that finding and prejudgment interest is calculated as follows:

- 276 Days (03/31/2015 to 12/31/2015) @ 3% of $84,949.16 = $1,927.07
- 216 Days (01/01/2016 to 08/03/2016) @ 3% of $84,949.16 = $1,508.14
  Total Prejudgment Interest = $3,435.21

{¶24} Upon review of the record, the referee's decision, and both parties' objections, the court finds that the referee has properly determined the factual issues and appropriately applied the law.  Therefore, both plaintiff's and defendant's objections are OVERRULED and the court adopts the referee's decision and recommendation as its own, including findings of fact and conclusions of law contained therein.  Judgment is rendered in favor of plaintiff in the amount of $84,949.16 plus $3,435.21 for prejudgment interest, a total of $88,384.37.  Court costs are assessed against defendant.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


_____
PATRICK M. MCGRATH
Judge

cc:

Jason R. Harley
Michael D. Tarullo
250 West Street, Suite 550
Columbus, Ohio 43215

Craig D. Barclay
William C. Becker
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

**Filed August 3, 2016**
**Sent To S.C. Reporter 9/29/16**